UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONIN
MILWAUKEE DIVISION

MICHAEL THOMAS MERRILL,

    Plaintiff,

v.

NATIONWIDE CAPITAL SERVICES, LLC
d/b/a STRUCTURED SETTLEMENT,

    Defendant.

Case No.2:22-cv-00115

## COMPLAINT

**NOW COMES** MICHAEL THOMAS MERRILL ("Plaintiff"), through his undersigned counsel, complaining of NATIONWIDE CAPITAL SERVICES, LLC d/b/a STRUCTURED SETTLEMENT ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Wisconsin Consumer Act ("WCA"), Wis. Stat. § 427 *et seq.*, and Regulation F ("Reg F"), 12 CFR 1006 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Kenosha, Wisconsin.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Plaintiff is a "customer" as defined by Wis. Stat. § 421.301(17).

9. Defendant maintains its principal place of business in Henderson, Nevada.

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (2) it regularly collects consumer debt owed to others.

12. Defendant is a "debt collector" as defined by Wis. Stat. § 427.103(3).

## FACTUAL ALLEGATIONS

13. On or around 2 years ago, Plaintiff took out a personal loan with LendNation.

14. Due to financial difficulty, Plaintiff was unable to make payment on the loan ("subject debt").

15. Sometime thereafter, the subject debt was placed with Defendant for collection.

16. On or about September 2021, Plaintiff started receiving collection calls from Defendant in an attempt to collect the subject debt.

17. On multiple occasions, Plaintiff answered Defendant's collection calls.

18. Frustrated with the incessant collection calls, Plaintiff answered a telephone call shortly after the calls began and requested that Defendant stop calling him.

2

19. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 9368.

20. At all times relevant, Plaintiff's number ending in 9368 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

21. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

22. Despite Plaintiff's specific requests for Defendant to cease calling her cellular phone, Respondent continued its efforts to collect the subject debt through collection calls to Plaintiff's cellular phone, including calls from phone numbers: (224) 367-4071, (224) 505-3133, (224) 367-4071, and (224) 487-7944.

23. Most recently, Plaintiff answered another telephone call on January 20, 2022 and advised Defendant *again* to stop calling him.

24. From September 2021 through the present, Defendant placed no less than twenty (20) collection calls to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease.

25. Respondent's incessant collection calls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unsolicited robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

26. Moreover, each time Respondent placed a telephone call to Plaintiff's cellular phone, Respondent occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

27. Due to Respondent's refusal to honor Plaintiff's requests that the calls cease, Plaintiff was forced to retain counsel to compel Respondent to cease its abusive collection practices.

## CLAIMS FOR RELIEF

### COUNT I:
**Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)**

28. Paragraphs 1 through 27 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

29. Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without his prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

30. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

31. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an automated dialing system to place calls to Plaintiff's cellular telephone.

32. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

33. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on his cellular phone.

34. The fact that Defendant's phone system continued to place calls after Defendant was aware that Plaintiff did not wish to receive further calls clearly evinces the fact that Defendant's phone system stored Plaintiff's phone number and continued to randomly or sequentially auto-dial Plaintiff's cellular phone number without his consent.

35. There would be no reason for Defendant to continue to contact Plaintiff, especially after having been notified to cease all telephone communications. Yet, Defendant's ATDS continued to keep Plaintiff's phone number stored, causing its system to randomly or sequentially dial the number numerous times thereafter.

36. Any prior consent, if any, was revoked by Plaintiff's verbal revocations.

37. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone, using an ATDS without his prior consent.

38. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

39. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

40. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

41. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on his cellular phone.

42. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

43. Defendant, through its agents, vendors, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

44. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff requests the following relief:

a. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);
b. an order enjoining Defendant from placing further violating calls to Plaintiff;
c. an award of $500.00 in damages to Plaintiff for each such violation;
d. an award of treble damages up to $1,500.00 to Plaintiff for each such violation; and
e. an award of such other relief as this Court deems just and proper.

### COUNT II:
### Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)

45. Paragraphs 1 through 44 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a. Violations of FDCPA § 1692c

46. Pursuant to §1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

47. As set forth above, Plaintiff requested that Defendant cease its collection calls to his cellular phone.

48. Despite being notified that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiff.

49. Defendant violated § 1692c(a)(1) by placing at least 20 collection calls to Plaintiff's cellular phone number at a time Defendant knew to be inconvenient for Plaintiff.

50. In other words, since Plaintiff did not want *any* calls from Defendant, any call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiff.

### b. Violations of FDCPA § 1692d

51. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d

52. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5)

53. Defendant violated §§ 1692d and d(5) by placing at least 20 collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt after being requested to cease the unwanted calls.

54. Defendant's conduct in systematically placing unwanted calls to Plaintiff's cellular phone number is inherently harassing and abusive.

55. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant he no longer wished to be contacted on his cellular telephone.

7

56. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;
   b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;
   c. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and
   d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III:
### Violations of the Wisconsin Consumer Act (Wis. Stat. § 427 *et seq*.)

57. Paragraphs 1 through 56 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

58. The WCA states in pertinent part:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…communicate with the customer or a person related to the customer with such frequency or at such unusual hours or in such a manner as can reasonably be expected to threaten or harass the customer." Wis. Stat. §427.104(1)(g).

> "In attempting to collect an allege debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…engage in other conduct which can reasonably be expected to threaten or harass the customer or person related to the customer." Wis. Stat. § 427.104(1)(h)

59. Defendant violated Wis. Stat. § 427.104(1)(g) and (h) by engaging in contacting Plaintiff. It was unfair for Defendant to relentlessly contact and harass Plaintiff after he notified it

8

on numerous occasions to cease placing collection calls to his cellular phone. Defendant ignored Plaintiff's demands and continued to systematically place calls to his cellular phone for months without his prior consent. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in harassing behavior, willfully done with the hope that Plaintiff would be compelled to make a payment he could not currently afford to make.

60. The WCA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

61. Plaintiff was harassed and abused by Defendant's incessant collection calls.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in his favor as follows:

a. a finding that Defendant violated Wis. Stat. § 427.104(1)(g) and (h);
b. an award of actual damages sustained by Plaintiff as a result of Defendant's violations;
c. an award of additional statutory damages, as the Court may allow;
d. an award of court costs and reasonable attorney's fees incurred by Plaintiff; and
e. an award of such other relief as this Court deems just and proper.

### Count IV
### Violations of Regulation F (12 CFR 1006 *et. seq.*)

62. Paragraphs 1 through 61 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a. Violations of § 1006.6**

63. Pursuant to § 1006.6(b)(1)(i), a debt collector is prohibited from communicate with a consumer "at any unusual time, or at a time that the debt collector knows or should know is inconvenient to the consumer."

64. As set forth above, Plaintiff requested that Defendant cease its collection calls to his cellular phone.

65. Despite being notified that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiff.

66. Defendant violated § 1006.6(b)(1)(i) by placing at least 20 collection calls to Plaintiff's cellular phone number at a time Defendant knew to be inconvenient for Plaintiff.

67. In other words, since Plaintiff did not want *any* calls from Defendant, any call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiff.

### b. Violations of § 1006.14

68. Pursuant to § 1006.14(a) of Regulation F, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

69. Pursuant to § 1006.14(b)(1), a debt collector is prohibited from placing "telephone calls or engage any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

70. Defendant violated §§ 1006.14(a) and 1006.14(b)(1) by placing at least 20 collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt.

71. Respondent's conduct in systematically placing calls to Claimant's cellular phone number is inherently harassing and abusive.

72. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as the frequency of Defendant's calls would lead any reasonable person to be frustrated.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in his favor as follows:

a. a finding that Defendant violated Regulation F;
b. an award of actual damages sustained by Plaintiff as a result of Defendant's violations;
c. an award of additional statutory damages, as the Court may allow;
d. an award of court costs and reasonable attorney's fees incurred by Plaintiff; and
e. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: January 28, 2022

Respectfully submitted,

**MICHAEL THOMAS MERRILL**

By: /s/ *Marwan R. Daher*

Marwan R. Daher, Esq.
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8180
mdaher@sulaimanlaw.com